Citation Nr: 1725265 
Decision Date: 06/21/17 Archive Date: 07/17/17

DOCKET NO. 12-32 673 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to a compensable rating for a left 4th and 5th finger disability.
 

REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

T. Atuyotan, Associate Counsel


INTRODUCTION

The Veteran served on active duty from April 1996 to April 2000. 

This matter comes before the Board of Veterans'Appeals (Board) on appeal from a September 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas which continued the Veteran's claim for a compensable rating with respect to her left 4th and 5th finger disability. 

This matter was previously before the Board in April 2015, at which time it was remanded for further development. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

A remand is required to obtain outstanding treatment records and another VA examination with medical opinion regarding the issue of a compensable rating of the Veteran's service-connected 4th and 5th finger disability. 

In its April 2015 remand, the Board directed that VA obtain all treatment records regarding the Veteran's left 4th and 5th finger disability since July 2012. Additionally, a new VA examination of the hand, thumb, and fingers was required in order to adequately evaluate the Veteran's current condition, to include identification of any neurological findings. The Board considered that the most recent VA examination in March 2011 was too far removed in time, and the Veteran submitted medical evidence suggesting that her disability had worsened since the last examination. Upon review, there remain outstanding treatment records and another medical opinion with examination is necessary to assess any related neurological impairment. 

In April 2015, the Veteran was requested to provide information regarding all relevant treatment providers since July 2012. He provided an authorization from a private chiropractic provider, and those records were associated with the file in May 2015.

In June 2015, the Veteran underwent a VA examination. The examiner identified the Veteran's diagnosis as mild tenosynovitis of the left hand, 4th and 5th metacarpophalangeal (MCP) joints. The examiner reported objective findings regarding the Veteran's disability, such as range of motion testing, functional impairment, muscle strength, and pain. The examiner noted that there were no other pertinent symptoms related to the service-connected disability. The examiner stated "[n]o neurological findings noted on examination" when asked to identify any neurological findings. 

Subsequently, in a December 2016 peripheral nerves disability benefits questionnaire (DBQ) provided by the Veteran, the clinician referenced a September 2016 occupational therapy (OT) evaluation, and based her evaluation, in part, on this evaluation. It was noted that the only evidence reviewed was private clinical records. In a December 2016 hand and finger DBQ, (performed by the same examiner) the examiner noted that the Veteran's range of motion measurements were normal "as documented by OT." In reviewing the claims file, the September 2016 OT evaluation is not included, and should be made available to accurately evaluate the Veteran's disability. Further, in her general reference to an OT record, the examiner suggests that there may be another OT record in existence, but it is unclear from her notation that this OT record is included in the claims file. Therefore, an attempt should be made to obtain any outstanding OT records on remand. U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). 

Moreover, the examiners differ in their clinical findings concerning the Veteran's disability. The June 2015 VA examination specified that the Veteran has mild tenosynovitis of the left hand, 4th and 5th metacarpophalangeal (MCP) joints. The examiner based her findings on an evaluation of the Veteran's left hand in relation to range of motion, functional loss, muscle strength, and pain; with no neurological findings. In comparison, the December 2016 DBQs reported that the Veteran's disability picture also involves left ulnar nerve impairment. In order to reconcile the 2015 VA examination findings with the 2016 DBQ findings, a new examination is required to fully and fairly evaluate the extent and severity of the Veteran's disability. See Allday v. Brown, 7 Vet App. 517 (1995).

Accordingly, the case is REMANDED for the following action:

1. Obtain any updated VA and non-VA treatment records regarding the Veteran's 4th and 5th finger disability, including, after obtaining any necessary authorization from the Veteran, outstanding private OT records, including a September 2016 OT evaluation 

2. Schedule the Veteran for a neurological examination with medical opinion of the left 4th and 5th fingers. The examiner must review the claims folder in conjunction with the examination. All indicated tests should be performed and all findings should be reported in detail. The examiner is requested to provide a medical opinion with respect to the following question:

Is it at least as likely as not that the mild, incomplete paralysis of the ulnar nerve, with Tinel's at cubital tunnel and Guyan's canal positive identified in the 2016 DBQ, and/or any other neurological disability identified by the examiner, is related to the Veteran's service connected left 4th and 5th finger disability? The examiner should consider and discuss as necessary the December 2016 peripheral nerves DBQ findings. 

A rationale for any opinion expressed should be provided. 

3. After completion of the above and any further 
development deemed necessary, review and readjudicate the claim on appeal. If it remains denied, issue an appropriate supplemental statement of the case and afford the Veteran the opportunity to respond. The case should then be returned to the Board, if in order, for further appellate review. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
M. C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).